Barker, J.
The respondent is a married woman and the owner of a lot in the village of Hornellsville. Her husband, Philip Nast, made a personal contract with John Feehan to erect a store thereon at the-agreed price of $4,200. Mrs. Nast was not a party to this agreement. Nast advanced to Feehan upon this contract, as the work progressed, $3000 and the building being then incomplete, the contract was changed in some particulars, Nast agreeing to pay an additional sum of $500 when the work was all completed, and the time for completing the same was extended to the 15th of May, 1881. Under the modified agreement, Nast advanced $1,398.98. Thereafter and on the 30th of April, Feehan quit and abandoned the work in an unfinished condition, and Nast completed the same at the necessary expense of $1,226. The trial court also ‘found as a fact that such abandonment was willful and without cause and at that time Feehan had been paid all that was due him by the terms of the contract, and that it would cost to complete the work in *145 compliance with tbe contract a sum greater than would be due under the contract on its full performance. After the terms of the contract were modified, and before the work was abandoned by Feehan, the appellants furnished materials and did work and labor upon the building for Feehan to the amount of fill, and on the 20th of May filed a notice for the purpose of acquiring a lien upon the premises in compliance with the provisions of the statutes, creating liens in favor of laborers and material men.
The trial court also found that during the progress of said work the defendant, Mary Nast, knew that said building was being erected, and it does not appear that she made any objections to the erection of the same. We shall, in disposing of this appeal, regard this finding as being in effect a finding that the store was erected with the consent of Mrs. Nast, within the meaning of. that term as used in section one, chap. 233, of the laws of 1875, which provides that if the owner of land consents to the erection of buildings thereon by another it may be made subject to a lien in favor of those who furnish material and perform labor in the construction of such building on their complying with the statute relative to such liens. Although Mrs. Nast was not a party to the contract under which Feehan did the work, yet, as she consented to the improvement of her property in that manner, a lien would attach thereon in favor of laborers and parties furnishing material, the same as if she had personally contracted with Feehan to erect the store at the price and upon the terms agreed upon in the contract between her husband and Feehan. Burkitt v. Harper, 79 N.Y., 273; Husted v. Mathes, 77 N.Y., 388; Otis v. Dodd, 90 N.Y., 336.
It is obvious that the trial court dismissed the complaint upon the ground that there was nothing due under the contract with Feehan at the time he abandoned the work, and for that reason the appellants failed to acquire a lien upon the respondent’s property. We should treat the ease as if the complaint was dismissed for that reason and as fully made out against the respondents in all other respects. From tlie evidence as set forth in the appeal book, we think it supports the finding of fact that at the time of the abandonment the work was substantially incomplete, and that Feehan had been paid all that was due by the terms of the contract, and that the costs of completion were greater than the sum to be paid on full performance of the agreement, and that Feehan lost no profits on the work he left undone at the time he quit the wbrk. The statute provides that the lien which may be created upon the land and appurtenances, shall be no greater than the price agreed and stipulated to be paid for doing the work and labor as provided in the contract, except where payments have been by collusion with the contractor for the purpose of defrauding parties who were in a situation to create a lien in their favor on complying with the *146 provisions of the statute. Laws of 1873, chap. 439. The plaintiffs by filing their notice became entitled to such sum as the contractor was at the time of filing the notice, or might after-wards receive on account of his contract, but nothing more. He was protected by the statute against the extinguishment of the contractor’s right for payment after notice of the lien. It is only the money which the contractor earns under his contract that is reached by the proceeding authorized by the statute. Rodbourn v. The Seneca Lake Grape and Wine Co., 67 N. Y., 215.
The sums expended by Nast in completing the building after the abandonment, cannot be fairly and justly construed as payment to Feehan the contractor after the notice was filed. He did that only which-the contractor had agreed to do, and until done nothing whatever would have been due him under his agreement. To complete the building, Nast was required to expend twice the sum that would have been due Feehan, had the latter carried nut his contract. To adopt the views presented in behalf of the appellants, would result in enforcing a payment from Nast greater than the sum stipulated in the agreement, which the statute has 'especially provided against. For the reason that Mary Nast gave her consent, that her husband might improve her real estate, the ¡same became subject to the liens provided by statute the same .as if she had personally made the agreement with the contractor •to erect the building thereon. Such were the views expressed ■by the court in the cases cited, and it is the most favorable con:struction which can be given to the statutes in the interest of laborers and parties supplying material, for the improvement of •.the lands of the owner.
Judgment affirmed with costs.
All concur; Bradley, J., not sitting.